UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MARK APPELGREN,**<br><br>**Plaintiff,**<br><br>v.<br><br>**RECOVERY CENTERS OF AMERICA,** *et al.***,**<br><br>**Defendants.** | Case No. 24–cv–08351–ESK–SAK<br><br>**OPINION AND ORDER** |

  **THIS MATTER** having come before the Court on defendants' motion to dismiss (Motion) (ECF No. 27; ECF No. 27–1 (Mov. Br.)) *pro se* plaintiff's second amended complaint (Second Amended Complaint) (ECF No. 23 (Second Am. Compl.)) and plaintiff having filed an opposition to the Motion (Opposition) (ECF No. 28 (Opp'n Br.)); and defendants having filed a reply in further support of the Motion (ECF No. 29); and the Court finding:

  1. This action arises from defendants' alleged "deceptive practices, discriminatory actions, retaliatory conduct, and gross negligence that caused [plaintiff] significant harm." (Second Am. Compl. ¶1.) In October 2023, plaintiff began receiving treatment at defendant Recovery Centers of America at Lighthouse for mental health and substance abuse disorders. (*Id.* ¶¶42, 47.) During pre-admission communication with defendant Recovery Centers of America, plaintiff was assured he would have access to his phone. (*Id.* ¶44.) However, after admission, plaintiff learned that the facility had a "phone blackout" policy that restricted his phone access. (*Id.* ¶45.) Throughout his stay, plaintiff requested reasonable accommodations that were ignored or dismissed. (*Id.* ¶50.) Plaintiff asserts that Recovery Centers of America also misled him as to what facility he would be staying at and failed to notify his employer. (*Id.* ¶¶46, 52.) Plaintiff alleges that he was ultimately retaliated against for asserting his rights and was abruptly expelled from the facility without adequate discharge planning. (*Id.* ¶¶54, 55.)

  2. On August 8, 2024, plaintiff commenced this action to seek redress for the behavior of Recovery Centers of America at Lighthouse, Recovery Centers of America, and its employees, Katrina Williams, Jessica F., and

Curly.[1] (ECF No. 1.) In addition to various state law claims, plaintiff asserted he was discriminated under the Americans with Disability Act (ADA). (*Id.*) Pursuant to Federal Rule of Civil Procedure (Rule) 15(a)(1)(B), plaintiff filed an amended complaint on August 26, 2024, adding more state law claims. (ECF No. 7.)

3. On October 7, 2024, defendants moved to dismiss the amended complaint. (ECF No. 15.) Although plaintiff filed an opposition to the motion (ECF Nos. 17, 22), he also filed a "notice of intent to file [a] motion for leave to file [a] second amended complaint" to address the deficiencies defendants asserted as to the amended complaint (ECF No. 20). "[F]or efficient case management, I granted plaintiff's request to file a second amended complaint and administratively terminated the motion to dismiss. (ECF No. 21.)

4. On December 19, 2024, plaintiff filed the Second Amended Complaint, raising a federal claim of discrimination under Title III of the ADA and state law claims for violations of the New Jersey Law Against Discrimination, gross negligence, intentional infliction of emotional distress, harassment, breach of contract, breach of duty and duty of care, breach of the implied covenant of good faith and fair dealing, unfair and deceptive trade practices, unjust enrichment, and failure to act on complaints and allegations. (*See* Second Am. Compl.) On January 10, 2025, defendants filed the Motion seeking dismissal of the Second Amended Complaint on Rule 12(b)(1) and Rule 12(b)(6) grounds. (*See* Mov. Br.) Defendants argue that because the sole federal claim should be dismissed for lack of standing and failure to state a claim, supplemental jurisdiction over the state law claims should not be exercised. (*Id.* pp. 14–19.) However, to the extent the Court addresses the state law claims, defendants argue they fail as a matter of law. (*Id.* pp. 20–28.) In opposition, plaintiff argues that he has sufficiently met the pleading standard. (*See* Opp'n.)

5. Prior to the filing of a responsive pleading, a defendant may move to dismiss a complaint for lack of subject matter jurisdiction for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(1), (6). To survive dismissal under Rule 12(b)(6), "a complaint must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Doe v. Princeton Univ.*, 30 F.4th 335, 341 (3d Cir. 2022) (quoting Fed. R. Civ. P. 8(a)(2)). Courts shall accept the plaintiff's factual assertions, which "'plausibly suggest[]' facts sufficient to 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* at 342 (first quoting *Bell Atl. Corp. v.*

---

[1] Plaintiff asserts that the full names of defendants Jessica F. and Curley are unknown. (Second Am. Compl. ¶¶ 39, 40.)

*Twombly*, 550 U.S. 544, 557 (2007); and then quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Courts further evaluate the sufficiency of a complaint by "(1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). While pleadings filed by *pro se* plaintiffs are to be liberally construed and are held to a less stringent standard than those filed by attorneys, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (holding that "[a]t the end of the day, [*pro se* litigants] cannot flout procedural rules—they must abide by the same rules that apply to all other litigants").

6. A motion to dismiss pursuant to Rule 12(b)(1) may attack subject matter jurisdiction facially or factually. *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). A factual attack challenges the allegations supporting the assertion of jurisdiction, which permits a court to weigh evidence outside of the pleadings and places the burden of proof on the plaintiff to demonstrate that jurisdiction exists. *Id.* A facial attack does not dispute the facts as alleged and essentially applies the Rule 12(b)(6) standard. *In re Plum Baby Food Litig.*, 637 F. Supp. 3d 210, 221 (D.N.J. 2022). Dismissal for lack of standing is properly brought under Rule 12(b)(1) "because standing is a jurisdictional matter." *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014) (quoting *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007)). "Article III standing requires a plaintiff to demonstrate: '(1) that he or she suffered an injury in fact that is concrete, particularized, and actual or imminent, (2) that the injury was caused by the defendant, and (3) that the injury would likely be redressed by the requested judicial relief.'" *Clemens v. ExecuPharm Inc.*, 48 F.4th 146, 152 (3d Cir. 2022) (quoting *Thole v. U.S. Bank N.A.*, 590 U.S. 538, 540 (2020)). "Absent Article III standing, a federal court does not have subject matter jurisdiction to address a plaintiff's claims, and they must be dismissed." *Davis*, 824 F.3d at 346 (quoting *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006)).

7. "Title III of the ADA, which prohibits discrimination on the basis of disability in public accommodations, only provides for injunctive relief." *Abadi v. Target Corp.*, No. 23–1050, 2023 WL 4045373, at *2 (3d Cir. June 16, 2023); *Bowers v. Nat'l Collegiate Athletic Ass'n*, 346 F.3d 402, 433 (3d Cir. 2003) (holding that "Title III defendants cannot be liable for money damages"). Thus, a "Tile III plaintiff 'lacks standing … unless he alleges facts giving rise to an inference that he will suffer future discrimination by the defendant.'") *Id.* (quoting *Pryor v. Nat'l Collegiate Athletic Ass'n.*, 288 F.3d 548, 561 (3d Cir.

3

2002)). In other words, "[t]o establish Article III standing to seek an injunction, a plaintiff must demonstrate a 'real or immediate threat that the plaintiff will be wronged again—a likelihood of substantial and immediate irreparable injury.'" *Brown v. Mt. Fuji Japanese Rest.*, 615 F. App'x 757, 758 (3d Cir. 2015) (quoting *City of Los Angeles v. Lyons,* 461 U.S. 95, 111(1983)). "A plaintiff's intention to return to the place" that allegedly caused the injury "'some day'—'without any description of concrete plans'—is insufficient." *Id.* (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992)). Instead, a "plaintiff must put forth a definitive, uncontested intent to return before filing the complaint to establish standing." *Disabled Patriots of Am., Inc. v. City of Trenton*, No. 07–03165, 2008 WL 4416459, at *6 (D.N.J. Sept. 24, 2008)

    8.    Plaintiff's allegations pertain to incidents that occurred while he was receiving treatment at Recovery Centers of America at Lighthouse in October 2021. (*See* Second Am. Compl.) After plaintiff was expelled from the facility, plaintiff "successfully completed" treatment elsewhere. (*Id.* ¶58.) While plaintiff alleges that he "continues to suffer lasting emotional and psychological harm caused by [defendants'] negligence, deceptive practices, and retaliatory actions," plaintiff neither pleads that he will return to defendants' facility nor that he has a definite intention to return. *See Dempsey v. Harrah's Atl. City Operating Co., LLC,* No. 08-05237, 2009 WL 250274, at *4 (D.N.J. Feb. 2, 2009) (finding that because the plaintiff did not plead that he will or intends to revisit the defendants' facility, the plaintiff failed to plead that he will suffer a concrete and particularized future injury in support of establishing standing to bring a Title III ADA claim). Rather than pleading a "concrete and particularized" injury that injunctive relief could redress, plaintiff merely pleads a speculative injury. *See Dempsey*, 2009 WL 250274, at *4; *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 191 (2000) (holding that "if a plaintiff lacks standing at the time the action commences, the fact that the dispute is capable of repetition yet evading review will not entitle the complainant to a federal judicial forum"). Thus, plaintiff does not have standing to pursue injunctive relief for his Title III ADA claim. Given that plaintiff alleges he has been treated for the condition he had sought from defendants (Second Am. Compl. ¶58), I find that granting plaintiff leave to correct this deficiency is not necessary since the "amendment would be inequitable or futile." *New York v. Hill*, 528 U.S. 110, 118 (2000); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002); *Robinson v. Delbalso*, No. 22-02378, 2022 WL 17248100, at *2 (3d Cir. Nov. 28, 2022) (noting that "[b]ecause [the plaintiff]... had two opportunities to amend his complaint, declining to grant further leave to amend was proper"); *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (noting

that since the *pro se* plaintiff "already had two chances to tell his story," allowing the plaintiff to file a third amended complaint would be futile).

9.  Since plaintiff lacks standing, the Rule 12(b)(6) aspect of the Motion need not be addressed. *See Hoffman v. Nordic Naturals, Inc.*, 837 F. 3d 272, 277 (3d Cir. 2016) ("[A] federal court may not rule on the merits of an action without first ascertaining whether it has subject matter jurisdiction."); *Rothman v, New Jersey*, Case No. 19–13011, 2020 WL 409757, at *2 (D.N.J. Jan. 24, 2024) (declining to reach the merits of the plaintiff's claims in considering a motion to dismiss for lack of subject matter jurisdiction). Nonetheless, I note that to establish his federal claim, plaintiff "must show that (1) he is disabled, (2) [defendants are] a "public accommodation" under Title III of the ADA, and (3) [defendants] unlawfully discriminated against him on the basis of his disability by (a) failing to make a reasonable modification that was (b) necessary to accommodate his disability." *Matheis v. CSL Plasma, Inc.*, 936 F.3d 171, 175 (3d Cir. 2019). Defendants Katrina Williams, Jessica F., and Curly are not "public accommodations," thus this claims automatically fails as to them. *See id.* Furthermore, given that Recovery Centers of America at Lighthouse and Recovery Centers of America is geared towards providing individuals with disability accommodations (Second Am. Compl. ¶13), I find that plaintiff fails to plead that he was discriminated against for his disabilities.

10.  Given that plaintiff's sole federal claim will be dismissed and only federal-question jurisdiction was asserted[2] (*see* Second Am. Compl. ¶31), I must decide whether to exercise supplemental jurisdiction over the remaining state law claims. "A federal court may decline to exercise supplemental jurisdiction over state law claims when it dismisses all claims over which it has original jurisdiction." *Doe v. Mercy Catholic Med. Ctr.*, 850 F.3d 545, 567 (3d Cir. 2017); *see Royal Canin U. S. A., Inc. v. Wullschleger*, No. 23–00677, 2025 WL 96212 (U.S. Jan. 15, 2025) (noting that because the "deletion of all federal claims deprived the [d]istrict [c]ourt of federal-question jurisdiction," once those claims were gone, "the court's supplemental jurisdiction over the state claims dissolved too"). Beyond discretion, a court "*must* decline" exercise of supplemental jurisdiction in cases in which all original jurisdiction claims have been dismissed "unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Stone v. Martin*, 720 F. App'x 132, 136 (3d Cir. 2017) (emphasis in original) (quoting *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000)). "Where the federal claims

---

[2] Plaintiff pleads that this Court has jurisdiction "pursuant to 28 U.S.C. §1331, as this case involve[s] a question of federal law, including claims arising under the [ADA] … and the Rehabilitation Act of 1973." (Second Am. Compl. ¶31.) Plaintiff, however, raises no cause of action under the Rehabilitation Act.

are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims." *McCarthy v. Equinox Holdings, Inc.,* No. 14–00037, 2015 WL 540218, at *4 (D.N.J. Feb. 9, 2015). None of these considerations warrant exercising jurisdiction over the remaining claims.

Accordingly,

**IT IS** on this **31st** day of **January 2025** **ORDERED** that:

1. The Motion is **GRANTED**.

2. The federal claim is **dismissed with prejudice**. The state law claims are **dismissed without prejudice** with leave for plaintiff to reinstate them in state court in 30 days. *See* 28 U.S.C. § 1367(c)(3).

3. The Clerk of the Court is directed to terminate the Motion at ECF No. 27 and to mark this matter as **CLOSED**.

    */s/ Edward S. Kiel*
    **EDWARD S. KIEL**
    **UNITED STATES DISTRICT JUDGE**